UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eddie Niles Hubbard,	Civ. No. 21-0982 (NEB/BRT)

Petitioner,

v.	**REPORT AND RECOMMENDATION**

Tracey Beltz,

Respondent.

This matter comes before the Court on Petitioner Eddie Niles Hubbard's (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Doc. No. 1 ("Petition"); and (2) Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. No. 3 ("IFP Application"). For the reasons discussed below, the Court recommends dismissing the Petition without prejudice and denying the IFP Application as moot.

Hubbard was convicted after a jury trial in state court on counts of first-degree manslaughter and second-degree assault. *See State v. Hubbard*, No. A14-1259, 2015 WL 4714802, at *1 (Minn. Ct. App. Aug. 10, 2015). The Minnesota Court of Appeals affirmed the convictions on direct appeal, *see id.*, and the Minnesota Supreme Court declined Hubbard's petition for further review.

Hubbard then filed a § 2254 petition in this District challenging the validity of his convictions. The court denied the petition, finding that Hubbard had procedurally defaulted each petition ground; Hubbard had not raised them to the Minnesota Supreme

Court on direct appeal, and his time to present his claims to the Minnesota courts had expired. *See Hubbard v. Janssen*, No. 16-CV-4101 (DSD/SER), 2017 WL 4685068 (D. Minn. Aug. 31, 2017), *report and recommendation adopted*, 2017 WL 4685069 (D. Minn. Oct. 17, 2017). Hubbard appealed this decision to the U.S. Court of Appeals for the Eighth Circuit, but the Eighth Circuit dismissed the appeal. *See Hubbard v. Janssen*, No. 17-3455, 2018 WL 2144115, at *1 (8th Cir. Feb. 21, 2018).

Hubbard filed another § 2254 petition in this District in December 2020. *See Hubbard v. Beltz*, No. 20-CV-2622 (PJS/TNL), 2021 WL 293569, at *1 (D. Minn. Jan. 8, 2021), *report and recommendation adopted*, No. 20-CV-2622 (PJS/TNL), 2021 WL 288808 (D. Minn. Jan. 28, 2021). The court dismissed that petition because it was a "second or successive" § 2254 petition and Hubbard had not sought authorization from the Eighth Circuit to file it. *Cf.* 28 U.S.C. § 2244(b)(3)(A). As best as the Court can tell, Hubbard did not appeal this decision, nor has he sought the Eighth Circuit's authorization to file another § 2254 petition.

The Court received the present Petition on April 13, 2021. It is another § 2254 petition, challenging the same convictions at issue in Hubbard's prior § 2254 petitions. Indeed, it appears to be essentially the same document that Hubbard filed in December 2020. *Compare* Pet. *with* Pet., *Hubbard v. Beltz*, No. 20-CV-2622 (PJS/TNL) (D. Minn. Dec. 21, 2020).

Given this Court's resolution of Hubbard's December 2020 petition, this Court lacks jurisdiction to consider the Petition. Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the

applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The current Petition is (again) plainly second or successive; it challenges the same convictions challenged in Hubbard's earlier petitions. *Cf. Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010) ("[T]he phrase 'second or successive' must be interpreted with respect to the judgment challenged."). Without authorization from the Eighth Circuit, this Court cannot adjudicate the Petition's merits.

The next question is whether the Court should dismiss the Petition or transfer it to the Eighth Circuit—that is, for it to consider whether to authorize the Petition under § 2244(b)(3)(A). This Court recommends dismissal. The Petition's claims do not fit any of the criteria for authorization set forth in § 2244(b)(2): they are not based upon a new constitutional-law rule; there is no obvious reason why Hubbard could not have discovered "the factual predicate for the claim[s]" long ago; and the facts asserted are not "sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found [Hubbard] guilty of the underlying offense." Given these points, the Court does not believe that the Eighth Circuit would authorize the Petition, so the Court recommends dismissing the Petition instead of transferring it.[1]

A § 2254 petitioner cannot appeal an adverse ruling on his petition unless he is granted a COA. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). This raises the question of whether this Court should grant Hubbard a COA to appeal *this* decision. A court may not grant a COA unless the petitioner "has made a substantial showing of the

---

[1] Of course, Hubbard may seek authorization from the Eighth Circuit himself, notwithstanding this Court's recommendation.

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim"—as here— "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit, would treat the Petition differently than this Court is treating it here. The Court therefore recommends not granting a COA in this matter.

A final point: Because the Court recommends dismissing the Petition, the Court further recommends denying the IFP Application as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. Hubbard's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 3, be **DENIED** as moot.

3. No certificate of appealability be issued.

[signature on following page.]

Dated: April 16, 2021            <u>*s/ Becky R. Thorson*</u>
                                               Becky R. Thorson
                                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).